Case 4:12-cv-00108-A Document 9 Filed 06/04/12 Page 1 of 12 PageID 202

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 4 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Bankruptcy Case No. |
| STONE DISTRIBUTION, LTD., | § | 11-4440-dml-11 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| CHARLES YEARGAIN, ET AL., | § | |
| | § | |
| Appellants, | § | District Court Case |
| | § | No. 4:12-CV-108-A |
| VS. | § | (Consolidated with Nos. |
| | § | 4:12-CV-164-A and |
| BONOTTI ESPORTAZIONI, S.R.L., | § | 4:12-CV-165-A) |
| | § | |
| Appellees. | § | |

MEMORANDUM OPINION
and
ORDER

This action came before the court as three separate appeals from an order of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, the Honorable Dennis Michael Lynn presiding. The appeals were consolidated as district court Case No. 4:12-CV-108-A. The court, having considered the briefs of appellants, Gerald L. Stallard and Charles W. Yeargain (collectively, "Intervenors"), and appellees, Bonotti Esportazioni S.R.L., SGM Trading S.R.L., and Natural Stones S.R.L. ("Natural Stones") (collectively, "Creditors") in the consolidated appeal, the record on appeal, and applicable

authorities, finds that the bankruptcy court's order should be affirmed.

I.

## Jurisdiction

The appeal is from a January 31, 2012, order of the bankruptcy court denying Intervenors' motions for summary judgment, to dismiss claims of Creditors, and to enforce state court order. This court has jurisdiction pursuant to 28 U.S.C. § 158(a)(3). Leave to appeal from the interlocutory order was granted by an order this court signed March 28, 2012.

II.

## Underlying Proceedings

On August 2, 2011, Creditors filed against Stone Distribution ("Debtor") an involuntary petition under Chapter 7 of the United States Bankruptcy Code, which was later converted to a Chapter 13 petition. Debtor, a Texas corporation, was formed in 2003, as a distributor of granite, marble, and other stone. Over the years, Intervenors, who are part owners of Debtor, made cash advances to Debtor in exchange for promissory notes of Debtor. Intervenors' advances to Debtor were secured by a security interest in virtually all of Debtor's assets. In the course of Debtor's business, Debtor purchased stone from various suppliers that included Natural Stones and the other Creditors.

On March 11, 2009, Natural Stones filed suit in Texas state court to collect on its account for materials that Debtor bought on credit. On September 24, 2009, Natural Stones obtained a state court judgment for $379,166.81 against Debtor.

On May 21, 2010, Natural Stones filed in a Texas state court an application for writ of garnishment, seeking to garnish a bank account of Debtor worth $6,863.88, in partial satisfaction of its judgment against Debtor. Intervenors filed a plea in intervention in the garnishment action and a motion for summary judgment to vacate the writ, arguing that, because they had perfected a prior security interest in Debtor's assets, they were entitled to the funds in the bank account as "proceeds" and "cash proceeds" under section 9.315(d)(2) of the Texas Business and Commerce Code. In addition to responding to Intervenors' motion for summary judgment, Natural Stones filed its own motion for summary judgment, arguing that Intervenors did not have a perfected security interest, that whatever interest they had did not cover deposit accounts, and that Intervenors had no claim to the proceeds of collateral.

On March 29, 2011, the state court issued a brief two-page order ("State Court Order") granting Intervenors' motion for summary judgment, denying Natural Stones' motion for summary judgment, overruling Natural Stones' evidentiary objections,

vacating the writ of garnishment, awarding attorney's fees, and denying further relief.[1] Natural Stones filed an appeal from the State Court Order to the Second Judicial District Court of Appeals of Texas.

While the state court appeal was pending, Creditors filed the involuntary Chapter 7 bankruptcy petition against Debtor on August 2, 2011, that was subsequently converted to a Chapter 11 case, On August 15, 2011, Intervenors filed in the bankruptcy court a motion to lift the automatic stay to exercise their legal rights to Debtor's assets, and Creditors filed a response.

---

[1] The entirety of the State Court Order is as follows:
    Came on to be heard Intervenors' Motion for Summary Judgment and Garnishor's Motion for Summary Judgment Against Intervenors on the 11th day of March, 2011, and the Court, after reviewing the respective Motions, Supplements, Responses, and Replies to the Responses; considering the summary judgment evidence introduced by both Garnishor and Intervenors; and deciding to overrule Garnishor's objections to Intervenors' summary judgment evidence, is of the opinion that Intervenors' Motion for Summary Judgment should be granted; Garnishor's Motion for Summary Judgment should be denied; and that all Garnishor's objections to Intervenors' summary judgment evidence should be overruled. It is therefore
    ORDERED, ADJUDGED AND DECREED that Intervenors['] Motion for Summary Judgment is hereby GRANTED.
    It is further ORDERED that Garnishor's Motion for Summary Judgment Against Intervenor is DENIED. It is further
    ORDERED, that the Writ of Garnishment issued in connection with this garnishment proceeding is vacated and dismissed and the funds held by the Garnishee are no longer subject to the Garnishment Writ issued in this case. It is further
    ORDERED, that Garnishee Texas Capital Bank, N.A., is entitled to recover from Natural Stones, S.R.L. and Stone Distribution, Ltd., jointly and severally, reasonable attorneys' fees in the sum of One Thousand Two Hundred Fifty-Two and 15/100 Dollars ($1,252,15), for which let execution issue. It is further
    ORDERED, that all relief prayed for by either party and not expressly granted is hereby DENIED, and all costs shall be taxed against the party incurring the same.
Mar. 29, 2011 State Ct. Order Granting Intervenors' Mot. for Summ. J. and Denying Garnishor's Mot. for Summ. J. Against Intervenors.

Before the bankruptcy court ruled on that motion, Intervenors filed three motions in a single document: a motion for summary judgment, a motion to dismiss, and a motion to enforce state court judgment, arguing that (1) under the Rooker-Feldman doctrine,[2] the bankruptcy court lacked jurisdiction to consider Creditors' response to the motion to lift stay; (2) Creditors were collaterally estopped by rulings in the State Court Order from raising the issues of debt recharacterization and equitable subordination; and (3) Creditors were barred from participating in the bankruptcy case because they were not registered to do business in Texas.

Judge Lynn denied all three motions in a single order that did not include any explanation or finding to support his decision. After Intervenors filed an appeal from that order, Judge Lynn submitted a letter opinion ("Letter Opinion") explaining his reasoning for denying two of Intervenors' motions. Judge Lynn noted that the denial by the state court of Creditors' motion for summary judgment and the grant of Intervenors' motion for summary judgment did not necessarily decide "on the merits" Creditors' arguments for debt recharacterization and equitable subordination. During the January 24, 2012 hearing on the

---

[2] See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

5

motion, Judge Lynn made clear that his denial of the motions was not to be taken as a ruling on either of those issues. R. at 650, 653.

## III.

### Issues on Appeal

Intervenors define the issues they presented on appeal as follows:

1. Did the bankruptcy court err, as a matter of law, in failing to apply the Rooker-Feldman doctrine, as to Natural Stones, S.R.L., in ruling that the Appellants' Motion to Enforce State Court Order should be denied?

2. Did the bankruptcy court err, as a matter of law, in failing to apply the Rooker-Feldman doctrine, as to all creditors, in ruling that the Appellants' Motion to Enforce State Court Order should be denied?

3. Did the bankruptcy court err, as a matter of law, in denying Appellants' Motion for Summary Judgment to enforce the State Court Order based on application of collateral estoppel as to Natural Stones, S.R.L.?

4. Did the bankruptcy court err, as a matter of law, in denying Appellants' Motion for Summary Judgment to enforce the State Court Order based on application of collateral estoppel as to all creditors?

5. Did the bankruptcy court err, as a matter of law, in failing to dismiss and strike from the pleadings Petitioning Creditors' claims due to their failure to register in the State of Texas in

> ruling that Appellants' Motion to Dismiss should be denied?

Appellants' Br. at 1. From a review of the record, the court concludes that a more accurate definition of the issues would be whether the bankruptcy court erred in failing to rule at the motion stage in the main bankruptcy case in favor of Intervenors on the theories they urged in their motions and concluding that those matters should be resolved in an appropriate adversary proceeding. During the January 24, 2012 hearing on the motions, Judge Lynn explained:

> I am not going to address the validity of the security interest today because I don't think the issue is posed properly. It is my view that the security interest and the debt are both valid until they're invalidated. So at this point, as far as I'm concerned, Yeargain . . . and Stallard are secured creditors who are owed whatever the amount of the debt is and are secured by a lien on all the assets of the Debtor. That if that is to be changed, then it will have to be changed through an adversary proceeding.

R. at 650.

## IV.

## Analysis

In evaluating the merits of the issues on appeal, as Intervenors have defined them, the court takes into account what it considers to be a proper framing of the issues, as stated in section III immediately above.

A.  The Rooker-Feldman Doctrine

The Rooker-Feldman doctrine provides that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." Weaver v. Tex. Capital Bank N.A., 660 F.3d 900, 904 (5th Cir. 2011). "The doctrine is jurisdictional in nature: federal district courts lack the requisite appellate authority to reverse or modify a state-court judgment, because their jurisdiction under 28 U.S.C. § 1257 is strictly original." In re Knezek, 370 F. App'x 449, 452 (5th Cir. 2010) (unpublished) (internal quotations omitted). Therefore, this is a threshold issue that must be decided at this time.

The Supreme Court has only applied the Rooker-Feldman doctrine twice, in the two cases that give the doctrine its name. Skinner v. Switzer, __ U.S. __, 131 S. Ct. 1289, 1297 (2011). The Fifth Circuit has indicated that the doctrine is intended to be applied narrowly. In re Erlewine, 349 F.3d 205, 210 (5th Cir. 2003); Weaver, 660 F.3d at 904 (noting the "narrow scope" of the doctrine and favoring the exercise of federal jurisdiction over plaintiff's claims). The existence of an independent claim, for instance, has been deemed sufficient to afford the plaintiff of federal jurisdiction. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) ("If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion

8

that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.").

In their motions before the bankruptcy court, Intervenors argued that, because the State Court Order conclusively determined their "debt/lien position," Creditors' arguments in the bankruptcy court concerning debt recharacterization and equitable subordination are barred by the Rooker-Feldman doctrine. R. at 384. The court is not persuaded by this argument.

Creditors' arguments to the bankruptcy court did not seek review of the central issue before the state court: whether, under Texas law, Natural Stones was entitled to garnish an account for $6,863.88 owned by Debtor, in partial satisfaction of a $379,166.81 judgment Natural Stones obtained against Debtor. By contrast, the central issue before the bankruptcy court was whether Intervenors' claims could be recharacterized and equitably subordinated because of Intervenors' alleged status as "insiders" of the debtor corporation. In their arguments before the bankruptcy court, Creditors did not attempt to seek appellate review of the state court garnishment action. Creditors did not, for instance, seek to reinstate Natural Stones' writ of garnishment or to obtain other relief from the bankruptcy court

9

regarding the garnishment. The targets of their relief, instead, were the issues of recharacterization and equitable subordination of Intervenors' interests.

The court concludes that Creditors do not seek in the bankruptcy court anything amounting to appellate review of the State Court Order. Consequently, the Rooker-Feldman doctrine does not deprive the bankruptcy court of jurisdiction to resolve Creditors' contentions.

The Rooker-Feldman doctrine does not apply to Bonotti or SGM for the added reason that the doctrine "has no application to a federal suit brought by a nonparty to the state suit." Knezek, 370 F. App'x at 452 (citing Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)).

B. Collateral Estoppel

The court next turns to the collateral estoppel issue. Because the judgment in the garnishment action was entered by a state court, Texas rules of preclusion apply. In re Schwager, 121 F.3d 177, 181 (5th Cir. 1997). Under Texas law, a party seeking to apply collateral estoppel must prove three elements concerning the prior action and second action:

> (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment

10

in the first action; and (3) the parties were cast as adversaries in the first action.

Id.

While the court considers that Intervenors have a plausible argument that Natural Stones is collaterally estopped to contend that Intervenors do not have a valid and enforceable security interest in the assets of Debtor, the court has concluded that Judge Lynn engaged in a proper exercise of his discretion to withhold ruling on the collateral estoppel contentions of Intervenors at the motion stage. The bankruptcy court deferred ruling on the collateral estoppel issue until it was presented in an adversary proceeding in which there could be a full development of the record with the participation of all interested parties. Presumably the bankruptcy court had in mind resolving the collateral estoppel contentions of Intervenors as to all Creditors in a future proceeding. The court concludes that the bankruptcy court did not err in adopting such an approach.

C. State Registration Statute

Next, the court considers Intervenors' complaint that the bankruptcy court erred in failing to hold that Creditors are prohibited from asserting claims in the bankruptcy court by reason of the failure of Creditors to register to do business in

Texas.  Intervenors' arguments are based on the provisions of section 9.051 of the Texas Business Organizations Code.  There are factually based exceptions to the prohibitions of section 9.051 that could well require further development of the record before an informed ruling could be made.  The court has concluded that Judge Lynn did not err in declining to resolve the section 9.051 issue at the motion stage.  While the comments he made on the record at the January 24, 2012 hearing, and his follow-up letter of explanation do not mention Intervenors' registration statute claim, presumably he had in mind that the registration statute issue would be resolved when the collateral estoppel issues were presented for resolution in a properly initiated adversary proceeding.

V.

Order

For the reasons discussed herein,

The court ORDERS that the January 31, 2012 order from which appeal was taken be, and is hereby, affirmed.

SIGNED June 4, 2012.

_____
JOHN McBRYDE
United States District Judge